FRUGE, Judge.
This is a suit brought -by a general contractor against his subcontractor and the subcontractor’s surety.
Plaintiff contracted with the Community Center and Playground District No. 3, Ward 7, Calcasieu Parish, to construct a swimming' pool in the vicinity of Vinton, Louisiana. Plaintiff subcontracted the piping and plumbing work to the defendant. After completion of the pool a large water loss was noted and the general contractor was called upon to repair the defects. A controversy arose between the general contractor and the subcontractor as to who would excavate to determine the responsibility for the leakage. Upon the subcontractor’s refusal to do this, the general contractor provided for the excavation and the repair of the leaks.
Plaintiff brought suit against the defendant subcontractor and its surety for $6,673, the price of the excavation and repair work, and for attorney fees of ten percent. The trial judge found that thirty percent of the repair costs were attributable to plaintiff’s defective workmanship and seventy percent to defendant’s defective workmanship. He therefore rendered a judgment of $4,708.60 in favor of the plaintiff but denied plaintiff’s prayer, for attorney fees: From this judgment defendants appeal. In its answer to the appeal plaintiff prays for an increase in the award and for ten percent attorney fees.
Defendants contend that the trial court erred in holding that part of the leakage was caused by its faulty workmanship. The trial judge found as a fact that there were two large leaks in the drain pipe attributable to defendant’s faulty workmanship. He attributed to plaintiff’s defective workmanship a leak in the sleeve where the main drain pipe entered the sump and two small leaks in the sump wall. From these facts he concluded that thirty percent of the repair costs were attributable to plaintiff’s defective work and seventy percent to defendant’s defective work. From a reading of the entire record we can find no manifest error in these conclusions.
Defendants also argue that the excavation work to determine the causé of the trouble was the responsibility of the general contractor and should not be charged to the defendants. The record shows that *139 there was no other way to determine the cause of the leakage other than by excavation and removing a part of the cement bottom of the pool. The plaintiff gave the defendant the opportunity to do the excavation work and made it clear that if the difficulty had not resulted from the defendant’s work, that some arrangement would be made concerning the cost of the excavation, Nevertheless, the defendant refused to co-operate and the plaintiff was required to make other arrangements in order to fulfill its contractual obligation to the playground district. Since defendant was partially responsible for the leakage, he is liable for his proportionate share of the excavation costs. The plaintiff was not required to excavate and tear up the cement in the pool at its own expense in. order that the defendant could correct his faulty workmanship.
Defendants also contend that the cost of the repairs was excessive. There is conflicting evidence on this point. The trial judge held that the cost was not unreasonable. The record shows that considerable excavation work had to be done; even a part of the cement bottom of the pool had to be torn out and later replaced. We find no manifest error in the trial judge’s holding that the cost was not excessive.
Plaintiff’s prayer for an increase in the award must be denied. We concluded above that the trial judge was not manifestly erroneous in attributing seventy percent of the repair costs to the faulty workmanship of the defendant. The trial judge was also correct in denying plaintiff attorney fees since plaintiff could not recover for the full amount of its demand. See LSA-R.S. 9:3902.
For the foregoing reasons the judgment of the district court is affirmed. Defendants are assessed costs of this appeal.
Affirmed.